UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES K. HILL, | ) |
|          Plaintiff, | ) |
| v. | ) No. 2:22-cv-00032-JPH-MJD |
| CLAY COUNTY SHERIFF DEPT, | ) |
|          Defendant. | ) |

**ORDER SCREENING SECOND AMENDED COMPLAINT
AND DIRECTING SERVICE**

James Hill brings this lawsuit against the officers involved in his August 2021 arrest. Because Mr. Hill is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

### I. Screening Standard

At screening, the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes the *pro se* complaint liberally and holds it to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.   Second Amended Complaint

Mr. Hill alleges that he was shot five times and suffered extensive injuries during an altercation at a house in Brazil, Indiana, in April of 2020. Dkt. 15 at 2.[1] While he alleges that several of the officers named in his second amended complaint responded to the scene, Mr. Hill does not allege that he was arrested, questioned, or otherwise detained by police during this incident. *See id.*

On August 13, 2021, Mr. Hill alleges that Officer Harder, Deputy Duncan, Officer Hood, and Officer Mullinix came to Mr. Hill's residence with a search warrant but no body attachment or arrest warrant. *Id.* The officers did not tell Mr. Hill the crime he was being arrested for, did not read him his *Miranda* rights, and pulled guns on him. *Id.* They then slammed him to the ground and forced him to move his arms in ways that were painful in light of his April 2020 injuries. *Id.* Since his arrest, he has experienced PTSD and

---

[1] While Mr. Hill moved to amend his complaint on August 8, 2022, *see* dkt. 17, Magistrate Judge Mark Dinsmore denied that motion as moot because the proposed amended complaint was identical to the complaint filed at docket no. 15. Therefore, the second amended complaint, dkt. 15, is the operative complaint in this case.

physical trauma, lost his children and his home, and his "freedom is being jeopardized for crimes that happened to" him. *Id.* at 4.

Mr. Hill seeks damages for physical and mental anguish, a federal investigation into the police departments involved in the investigation and arrest, and for each officer to step down from their position and issue a public apology. *Id.*

### III.  Discussion of Claims

Liberally construed, Mr. Hill has plausibly alleged Fourth Amendment excessive force and false arrest claims against Officer Harder, Deputy Duncan, Officer Hood, and Officer Mullinix in connection with his August 2021 arrest. 42 U.S.C. § 1983. No other plausible claims or defendants have been identified in the complaint.

If Mr. Hill believes that the Court has overlooked a claim or defendant, he shall have through **September 29, 2022**, to identify those omissions to the Court. The clerk is **directed** to add Officer John Hood, Officer Casey Harder, Deputy Patrick Duncan, and Officer Elliot Mullinix as defendants in the case and terminate the Clay County Sheriff as a defendant.

### IV.  Directing Service of Process

The **clerk is directed** under Federal Rule of Civil Procedure 4(c)(3) to issue process to defendants John Hood, Casey Harder, Patrick Duncan, and Elliot Mullinix in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 9/16/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAMES K. HILL
611 E. Jackson Street
Brazil, IN 47834

John Hood
203 East National Ave.
Brazil, IN 47834

Casey Harder
203 East National Ave.
Brazil, IN 47834

Patrick Duncan
611 East Jackson Street
Brazil, IN 47834

Elliot Mullinix
203 East National Ave.
Brazil, IN 47834