UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JAMES K. HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00032-JPH-MJD |
| | ) | |
| CASEY HARDER, | ) | |
| ELLIOT MULLINIX, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' UNOPPOSED
MOTION FOR SUMMARY JUDGMENT**

James Hill alleges that Officers Casey Harder and Elliot Mullinix falsely

arrested him and used excessive force during his arrest.  Defendants have filed

a motion for summary judgment.  Dkt. [53].  For the following reasons, their

motion is **GRANTED**.

**I.
Facts and Background**

Because Defendants have moved for summary judgment under Rule

56(a), the Court views and recites the evidence "in the light most favorable to

the non-moving party and draw[s] all reasonable inferences in that party's

favor."  *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

Here, Mr. Hill has not responded to the summary judgment motion, so the

Court treats Defendants' supported factual assertions as uncontested.  *See*

*Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527 (7th Cir. 2020); S.D.

Ind. L.R. 56-1(b), (f).

1

On August 13, 2021, Officer Casey Harder received a report that Mr. Hill had battered a woman. Dkt. 55-1 ¶ 5; dkt. 55-3. He observed and photographed her injuries, dkt. 55-2, took her statement, dkt. 55-3, and took a statement from a witness, dkt. 55-4.  Both the victim and the witness told Officer Harder that the incident took place at Mr. Hill's home, 904 West Jackson Street in Brazil, Indiana.  Dkt. 55-1 ¶ 3 (Harder Decl.); dkt. 55-3 (Victim's Statement); dkt. 55-4 (Witness Statement); dkt. 55-8 at 5 (Hill Dep. at 16:6–16:18).

Officer Harder drove to the home, dkt. 55-1 ¶ 13, and Officer Elliot Mullinix was dispatched as back up, dkt. 55-7 ¶ 2 (Mullinix Decl.).  Officer Harder knocked on the door.  Dkt. 55-1 ¶ 13.  Officer Mullinix saw Mr. Hill look out the window.  Dkt. 55-7 ¶¶ 3–6.  A male voice answered, and Officer Harder said he was with the Brazil Police Department and wanted to talk to him.  Dkt. 55-1 ¶ 14. The man told him to get a warrant.  *Id.* ¶ 16.

Deputies Patrick Duncan and John Hood arrived on the scene. Dkt. 55-1 ¶ 19.  Officer Harder called Clay County Superior Judge Joseph D. Trout to request a warrant, and he borrowed Deputy Hood's body camera to record his call.  *Id.* ¶¶ 20–22.  Officer Harder explained to Judge Trout, under penalty of perjury, that a woman had reported that Mr. Hill battered her, that he saw significant injuries on her body, and that another woman corroborated those statements.  *Id.* ¶¶ 23–25; dkt. 55-5 at 00:30–01:35 (Video).  Officer Harder also said that he believed that Mr. Hill was at the home based on the witness's

statement, the presence of Mr. Hill's vehicles[1] at the residence, his brief conversation with a man inside, and Officer Mullinix's identification of Mr. Hill looking out a window of the residence. Dkt. 55-1 ¶ 26; dkt. 55-5 at 01:35–02:25. Judge Trout found that probable cause existed and told Officer Harder that he was authorized to search the residence for Mr. Hill. Dkt. 55-1 ¶ 27; dkt. 55-5 at 02:26–02:48.

On his patrol car loudspeaker, Officer Harder told Mr. Hill that he had a warrant for his arrest and ordered him to come out of the house. Dkt. 55-6 at 00:10–00:24 (Video).  Mr. Hill opened his front door.  Dkt. 55-1 ¶ 34; Dkt. 55-7 ¶ 16.  Officer Harder, along with the other officers, told him to show his hands and come outside.  Dkt. 55-1 ¶¶ 35–36; dkt. 55-6 at 00:33–03:20.  Mr. Hill did not comply and screamed back at the officers who then entered the house. Dkt. 55-1 ¶ 37; dkt. 55-6 at 00:33–03:20.  Officer Mullinix entered first and saw Mr. Hill lying on his back on the floor with his hands over his head.  Dkt. 55-7 ¶ 26; dkt. 55-6 at 03:20–3:25.  He rolled him on his stomach, put his leg across Mr. Hill to keep him from moving, and handcuffed him with Deputy Hood's assistance.  Dkt. 55-7 ¶ 34; dkt. 55-6 at 03:25–03:50.  Officer Mullinix searched Mr. Hill's clothing, pulled Mr. Hill to his feet, and escorted Mr. Hill to the car. Dkt. 55-7 ¶ 38; dkt. 55-6 at 04:10–06:37.

Officer Harder explained to Mr. Hill that the police had obtained a telephonic search warrant from Judge Trout for battery, and that he would

---

[1] The witness gave Officer Harder a description of Mr. Hill's vehicles that matched the vehicles present outside the residence.  Dkt. 55-5 at 01:34–01:52.

later be provided a copy of the warrant.  Dkt. 55-1 ¶ 51; Dkt. 55-6 at 05:20–06:13.

Mr. Hill was charged with one count of criminal confinement with bodily injury, one court of domestic battery committed in the presence of a child less than 16 years old, and one count of strangulation.  Dkt. 55-13 (Criminal Information).  He pleaded guilty to criminal confinement with bodily injury and the state dismissed the other counts. Dkt. 55-14 (Sentencing Order); 55-15 (Judgment).

On January 28, 2022, Mr. Hill filed this complaint, which he later amended on June 23, 2022.  Dkts. 1, 15.  The Court screened that second complaint and found that it asserted Fourth Amendment excessive force and false arrest claims against Officers Harder and Mullinix, and Deputies Hood and Duncan.  Dkt. 21 at 3.[2]  Officers Harder and Mullinix moved for summary judgment on November 3, 2023, dkt. 53, and Mr. Hill has not responded.

## II.
## Summary Judgment Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact."  *Celotex Corp.*

---

[2] Mr. Hill also moved to add additional claims and defendants, dkt. 23, but the Court denied that motion, dkt. 29.  In November 2023, the parties stipulated to dismiss Deputies Duncan and Hood.  Dkts. 59, 60.

*v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets this

burden, the nonmoving party must "go beyond the pleadings" and identify

"specific facts showing that there is a genuine issue for trial."  *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the

evidence "in the light most favorable to the non-moving party and draw[s] all

reasonable inferences in that party's favor."  *Zerante*, 555 F.3d at 584 (citation

omitted).

### III.
### Analysis

### A. Qualified Immunity

The defendants argue that they are entitled to qualified immunity.  Dkt.

54 at 14–15.  "A public official is entitled to qualified immunity from suit unless

he violated a clearly established constitutional right."  *Dockery v. Blackburn*,

911 F.3d 458, 466 (7th Cir. 2018).  Once the defense of qualified immunity is

raised, the plaintiff has the burden to demonstrate "that existing caselaw at the

time of the events in question placed the statutory or constitutional question

beyond debate" or that the conduct is "so egregious and unreasonable that. . .

no reasonable officer could have thought he was acting lawfully." *Id.* at 466–67.

Here, by not responding to the defendants' motion for summary judgment, Mr.

Hill failed to cite any caselaw showing beyond debate that his constitutional

rights were violated.  He therefore has not met his burden to overcome qualified

immunity, and the defendants are entitled to summary judgment.  *Id.*  The

Court nonetheless proceeds to evaluate the merits of Defendants' motion for

summary judgment because Mr. Hill is *pro se*, and it's preferable to resolve a motion for summary judgment on the merits.

## B. False Arrest

Defendants argue that they are entitled to summary judgment on the false arrest claim because they had probable cause to arrest Mr. Hill.  Dkt. 54 at 10–12.  "Probable cause is an absolute bar to a claim of false arrest asserted under the Fourth Amendment and section 1983." *Farnik v. City of Chicago*, 1 F.4th 535, 545 (7th Cir. 2021) (quoting *Muhammad v. Pearson*, 900 F.3d 898, 907 (7th Cir. 2018)). "Probable cause exists if an officer reasonably believes, in light of the facts known to her at the time, that a suspect had committed or was committing an offense." *United States v. Reed*, 443 F.3d 600, 603 (7th Cir. 2006).  "This standard requires only a probability or substantial chance of criminal activity, not an actual showing of such activity."  *United States v. Freeman*, 691 F.3d 893, 899 (7th Cir. 2012) (quotations omitted).  "The determination of probable cause is normally a mixed question of law and fact . . . but when 'what happened' questions are not at issue, the ultimate resolution of whether probable cause existed is a question of law." *Smith v. Lamz*, 321 F.3d 680, 684 (7th Cir. 2003).

Under Indiana law, a person commits domestic battery when he or she "knowingly or intentionally . . . touches a family or household member in a rude, insolent, or angry manner." Ind. Code § 35-42-2-1.3; *see* dkt. 55-6 at 05:20–6:13 (informing Mr. Hill he was being arrested for battery); dkt. 55-13 (Information charging battery under Ind. Code § 35–42–2–1.3(a)(1)).

6

Here, Officer Harder spoke with the victim who claimed that Mr. Hill battered her, and her account was corroborated by the presence of injuries on her body and a witness's statement.  Dkt. 55-1 ¶¶ 23–25.  These facts show that there was "a probability or substantial chance of criminal activity," and therefore probable cause for the arrest.  *Freeman*, 691 F.3d at 899; *see Weatherspoon v. Dulworth*, 477 F. App'x 386, 388 (7th Cir. 2012).  Therefore, Defendants are entitled to summary judgment on Mr. Hill's Fourth Amendment false arrest claim.[3]

## C. Excessive Force

Defendants argue that they are entitled to summary judgment on Mr. Hill's excessive force claim. First, Mr. Hill has not asserted an excessive-force claim against Officer Harder but stated that he only is bringing excessive force claims against the law enforcement officer who first crouched down next to him to put him in handcuffs: Officer Mullinix.  Dkt. 54 at 8, 12 (citing 55-8 at 10, 48 (Hill Dep. 34:11–36:4, 48:7–21)).  Therefore, summary judgment is granted for Officer Harder on Mr. Hill's excessive force claim.

Next, Defendants argue that the body camera video shows that Officer Mullinix did not use excessive force.  Dkt. 54 at 12–14.  "The force employed by a police officer is deemed excessive if, in light of the totality of the circumstances, it was greater than was reasonably necessary to effectuate the

---

[3] Defendants also argued that the false arrest claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Dkt. 54 at 9–12.  Mr. Hill's false arrest claim does not violate *Heck*, 512 U.S. 477, because "an arrest without probable cause violates the fourth amendment but does not imply the invalidity of a conviction."  *Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010).

seizure." *Holmes v. Vill. of Hoffman Est.*, 511 F.3d 673, 685 (7th Cir. 2007).

"To assess the degree of force that was justified, a court considers the severity

of the crime for which the plaintiff was being detained or arrested, whether he

posed a threat to the safety of the officers or to other persons, and whether the

plaintiff was resisting the officers and/or attempting to flee." *Id.*

Here, the undisputed record shows that the officers applied a degree of

force that was sufficient, but not "greater than was reasonably necessary to

effectuate the seizure." *Holmes*, 511 F.3d at 685.  Mr. Hill complains that the

officers had their guns drawn when they entered the home.  Dkt. 15 at 3.  But

the designated evidence shows that law enforcement officers had reason to

think that Mr. Hill was dangerous—he had committed battery, he was wildly

screaming at the officers, and he refused to exit the house. Dkt. 55-1 ¶¶ 31–55;

dkt. 55-7 ¶¶ 15–41; dkt. 55-6.  Moreover, the designated evidence shows that

length of time the weapon was drawn was proportionate to the perceived

threat.  Indeed, Officer Mullinix re-holstered his gun or taser when he saw Mr.

Hill laying on his back on the floor with his hands over his head.[4]  Dkt. 55-7 ¶

26; dkt. 55-6 at 03:20–3:25.  Under these circumstances, no jury could

reasonably find that Officer Mullinix used excessive force by entering the house

with a weapon drawn.  *Archer v. Chisholm*, 870 F.3d 603, 609, 617 (7th Cir.

2017) (no excessive force when police effectuated a search warrant of a state

---

[4] Although Mr. Hill has not designated evidence, the video refutes his allegation in the
amended complaint that the officers slammed him into the ground. Dkt. 15 at 3.

budget director in a public corruption investigation using "rough" tactics including entering with guns drawn that were quickly re-holstered).

The designated evidence further demonstrates that Officer Mullinix did not use excessive force when effecting the arrest of Mr. Hill.  The video and the Officers' declarations show that Officer Mullinix rolled Mr. Hill on his stomach, pulled his arm behind his back, put his leg across Mr. Hill to keep him from moving, and then handcuffed Mr. Hill with Deputy Hood's assistance.  Dkt. 55-7 ¶ 34; dkt. 55-6 at 03:25–3:50.  After searching Mr. Hill, Officer Mullinix pulled Mr. Hill to his feet, and escorted him to the car. Dkt. 55-7 ¶ 38; dkt. 55-6 at 04:10–6:37. This application of force was not unreasonable.  *Abdullahi v. City of Madison*, 423 F.3d 763, 771 (7th Cir. 2005).  Additionally, while Mr. Hill alleges that the officers moved his arms which caused him pain due to his prior injuries, dkt. 15 at 3, the video and Officer Mullinix's testimony show that Officer Mullinix reasonably moved Mr. Hill's arms to handcuff and arrest him without unnecessary or gratuitous force.  Furthermore, there is no designated evidence that the officers knew of Mr. Hill's prior injuries.  *Smith v. Ball State Univ.*, 295 F.3d 763, 770–71 (7th Cir. 2002) (evaluating the "use of force not with the benefit of hindsight, but rather as it appeared to the officer at the time of the encounter").

No jury could find that Officer Mullinix used excessive force in arresting Mr. Hill so he is entitled to summary judgment on the excessive force claim.

**IV.**
**Conclusion**

9

Defendants' motion for summary judgment is **GRANTED**.  Dkt. [53].

Final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 6/25/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAMES K. HILL
611 E Jackson Street
Brazil, IN 47834

All electronically registered counsel